UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILBUR G. HALLAUER, et al.<br><br>                Plaintiffs,<br><br>  v.<br><br>CHICAGO TITLE INSURANCE COMPANY, et al.<br><br>                Defendants. | NO: CV-11-212-RMP<br><br>ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS |

Before the Court is the United States of America's motion to dismiss, ECF No. 26. The Court has reviewed the motion; the memoranda, declarations, and affidavits in support and opposition; all other relevant filings; and is fully informed.

**BACKGROUND**

The present action comes before this Court after having been removed from the Superior Court for Okanogan County, Washington. ECF No. 1. In their original complaint, the Plaintiffs brought suit against Chicago Title Insurance

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 1

Company and Fidelity National Financial, Inc., alleging various causes of action stemming from a failure to pay on various title insurance contracts. ECF No. 1-1. The Plaintiffs claimed that they were entitled to insurance proceeds based on provisions insuring that the Plaintiffs could access property in which they possess mining claims. ECF No. 1-1. According to that complaint, the insurer defendants refused to pay because they concluded that the Plaintiffs could access the property through easements in the Plaintiffs' possession. ECF No. 1-1.

The Plaintiffs, with leave of the Court, filed an amended complaint in which they have added the United States of America as a defendant and seek to quiet title to easements in roads located on federal land managed by the Bureau of Land Management ("BLM"). ECF No. 21, 25. The roads allow for ingress and egress to the property in which the Plaintiffs claim their mining interests.

Prior to the commencement of the instant action, Plaintiffs had been among a group of named plaintiffs in a suit against the United States of America seeking to quiet title to a public right of way on the roads providing ingress and egress to their mining property.[1] ECF No. 28-1.

---

[1] There are some differences between the Plaintiffs to the instant action and the Plaintiffs in the first action. The first action was prosecuted in the name of, among others, Wilbur G. Hallauer and Josephine P. Hallauer as husband and wife. ECF No. 28-1. In light of Mrs. Hallauer's intervening death, Mrs. Hallauer's

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 2

1   The issue in that case was whether the roads leading to the Plaintiffs' mining
2   claims were subject to a public right of way under the Revised Statute 2477 (RS
3   2477), 43 U.S.C. § 932 (repealed 1976).  The Government moved to dismiss the
4   case asserting, among other things, that the action was time-barred under the Quiet
5   Title Act's ("QTA") twelve-year statute of limitations.  ECF No. 28-2.  In
6   responding to the motion, the Plaintiffs in the first action agreed that the action was
7   time-barred.  ECF No. 28-3.  The Honorable Lonny R. Suko entered an order
8   dismissing the case for "lack of jurisdiction" in light of its being time-barred.  ECF
9   No. 28-4.

10   The Government filed the instant motion asserting that this action to quiet
11   title should be dismissed under the doctrine of claim preclusion.  The Government
12   further asserts that the amended complaint fails to state a claim upon which relief
13   may be granted because an easement may not be established against the federal
14   government by either implication or prescription.

---

estate is listed in the instant action and Mr. Hallauer is named as the personal
representative of that estate.  ECF No. 21, 25.  Not all plaintiffs from the previous
action are named here; however, with the clarification posted above, all plaintiffs
in the present action were plaintiffs in the previous action.

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S
MOTION TO DISMISS ~ 3

# DISCUSSION

**Claim Preclusion**

The doctrine of claim preclusion, also known as res judicata, precludes parties from bringing claims that are part of a cause of action that has been finally adjudicated on the merits. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *In re Schimmels*, 127 F.3d 875 (9th Cir. 1997)).  Claim preclusion "applies only where there is '(1) an identity of claims; (2) a final judgment on the merits; and (3) privity between parties.'" *Turtle Island Restoration Network v. U.S. Dept. of State*, 673 F.3d 914, 917 (9th Cir. 2012) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

The Government argues that the Plaintiffs' current quiet title action is barred under the doctrine of claim preclusion because the Plaintiffs were part of an earlier action that sought to establish a public right of way for the same roads in which Plaintiffs now claim an easement.  For the sake of clarity, the Court will refer to this earlier action as the Public Rights Action.  The Plaintiffs assert that the doctrine of claim preclusion does not apply because, among other things, the Public Rights Action was not resolved by a final judgment on the merits.

The dispute over whether the Public Rights Action was dismissed on the merits is born of a tension between two different rules regarding when a dismissal

acts as a judgment on the merits.  The Public Rights Action was dismissed because it did not comply with the QTA's twelve-year statute of limitations.  ECF No. 28 at 67.  The Government asserts that the dismissal of the earlier case constituted a judgment on the merits because "[t]he Supreme Court has unambiguously stated that a dismissal on statute of limitations grounds is a judgment on the merits." *Tahoe-Sierra*, 322 F.3d at 1081 (citing *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995)).  However, the court in the Public Rights Action ruled that the effect of the untimeliness was to deprive the court of subject matter jurisdiction.  ECF No. 28 at 68.  The Plaintiffs assert that the dismissal of the prior action was not a judgment on the merits because dismissals for lack of subject matter jurisdiction are not judgments on the merits.  *E.g. Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir. 1985).

This apparent contradiction in the law arises because the United States is a defendant.  The United States enjoys sovereign immunity, "which . . . 'is an important limitation on the subject matter jurisdiction of federal courts.'" *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007) (quoting *Cunningham v. United States*, 786 F.2d 1445, 1446 (9th Cir. 1986)).  While sovereign immunity limits the jurisdiction of a court, it is distinct from subject matter jurisdiction because a statute may grant subject matter jurisdiction to a Court while the Court is still barred from rendering judgment under the doctrine of

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 5

sovereign immunity. *Dunn & Black*, 492 F.3d at 1088 (citing *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995)). A party seeking to sue the United States must establish both subject matter jurisdiction and a waiver of sovereign immunity. *Id.* (citing *Arford v. United States*, 934 F.2d 229, 231 (9th Cir. 1991)).

Despite the fact that sovereign immunity is distinct from subject matter jurisdiction, "[s]overeign immunity is jurisdictional in nature" and "the 'terms of [the United States'] consent to be sued in any court define the court's jurisdiction to entertain the suit.'" *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Like a judgment rendered without subject matter jurisdiction, a judgment rendered against the United States without a waiver of sovereign immunity is void. *United States v. United States Fid. & Guar.*, 309 U.S. 506, 514 (1940) ("Consent alone gives jurisdiction to adjudge against a sovereign. Absent that consent, the attempted exercise of judicial power is void.").

The link between the statute of limitations issue and the issues of jurisdiction and sovereign immunity is the fact that the QTA waives the United States' sovereign immunity but subjects that waiver to a twelve-year statute of limitations. *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). As a result, a simple application of the principles of sovereign immunity would suggest that an action brought outside the twelve-year statute of limitations

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 6

would be outside the limited waiver of sovereign immunity authorized by the QTA.  Accordingly, sovereign immunity would bar a court from reaching the merits of that action.  While the Court ultimately reaches the conclusion that this is what in fact occurred in the Public Rights Action, the law dictating this conclusion is not as clear as the foregoing paragraph would suggest.

In *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990), the Supreme Court construed a waiver of sovereign immunity under the Title VII of the Civil Rights Act of 1964.  *Irwin*, 498 U.S. at 91.  That act prescribed a thirty-day period for filing claims that began upon receipt of notice of authorization to file by the Equal Employment Opportunity Commission.  *Id.*  Plaintiff Shirley Irwin's complaint was filed after the thirty-day period had expired.  *Id.*  The district court dismissed the case for want of jurisdiction, and the circuit court of appeals affirmed on the grounds that the thirty-day time limit "operate[d] as an absolute jurisdictional limit." *Id.* at 91-92.  Before the Supreme Court, Mr. Irwin argued that the thirty-day time limit should be subject to equitable tolling.  *Id.* at 93.  The Supreme Court recognized that the thirty-day time limit was a condition on a waiver of sovereign immunity but found that a rebuttable presumption of the applicability of equitable tolling applied against the United States in the same way as it did against private parties.  *Id.* at 94, 95-96.

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 7

Sixteen years later, the United States Court of Federal Claims would look to *Irwin* when attempting to discern the exact nature of statutes of limitations that act as conditions on waivers of sovereign immunity. *Bolduc v. United States*, 72 Fed. Cl. 187 (2006). In *Bolduc*, the court addressed the six-year statute of limitations applicable to claims raised in the Court of Federal Claims. *See id.* at 189. The United States had moved to dismiss the claim in *Bolduc*, arguing that it was untimely. *Id.* The United States had styled its motion as a motion to dismiss for lack of subject matter jurisdiction. *Id.* The court rejected that characterization, concluding that a motion to dismiss on statute of limitations grounds was best noted as a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* The court reasoned that the term "jurisdiction" had been used in a "rather loose way" and that the "jurisdiction" applicable to statutes of limitations as conditions of waivers of sovereign immunity was distinct from subject matter jurisdiction. *Id.* at 189-90. Looking to *Irwin*, the court concluded that "'limitations principles should generally apply to the Government "in the same way that" they apply to private parties.'" *Id.* at 190 (quoting *Franconia Assocs. V. United States,* 536 U.S. 129, 145 (2002) (quoting *Irwin*, 498 U.S. at 95)). The court concluded that a statute of limitations attached to a waiver of sovereign immunity should be treated like any other statute of limitations absent clear direction from Congress to the contrary. *Id.* at 190-92.

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 8

Under the reasoning of *Balduc*, a dismissal pursuant to the statute of limitations contained within the QTA would be treated the same way as any other statute of limitations not involving the United States; i.e., it would operate as a judgment on the merits. However, two years after the Court of Federal Claims' decision, the Supreme Court called into question the broad applicability of *Irwin*.

In *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), the Court addressed the same statute that was at issue in *Balduc*: the six year statute of limitations for claims brought in the Court of Federal Claims. 552 U.S. at 132. The issue was whether a court must raise the timeliness issue sua sponte despite the United States' failure to raise it. *Id.* In answering this question, the Court distinguished between two types of statutes of limitations. "Most statutes of limitations," the Court said, are designed "primarily to protect defendants against stale or unduly delayed claims." *Id.* at 133. Such statutes are typically treated as affirmative defenses subject to waiver and equitable considerations. *Id.* The second type of statute of limitations serves "broader system-related goal[s], such as . . . limiting the scope of a governmental waiver of sovereign immunity." *Id.* The second type of statute acts in a manner that is "more absolute" and may preclude a court from considering equitable considerations or require a court to consider timeliness despite a waiver. *Id.* at 133-34. "As convenient shorthand, the Court

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 9

has sometimes referred to the time limits in such statutes as 'jurisdictional.'" *Id.* at 134.

In looking at the six-year statute applicable in the Court of Federal Claims, the Supreme Court found that its previous cases had treated the six-year statute of limitations in absolute terms. *Id.* at 134-35. The Court had described the statute as jurisdictional and as requiring the district court to raise any timeliness issues sua sponte. *Id.* at 134 (citing *Kendall v. United States*, 107 U.S. 123 (1883)). The Court also had held that the six-year statute of limitations need not be pleaded by the Government. *Id.* at 134-35 (citing *Finn v. United States*, 123 U.S. 227 (1887)). Despite the language in *Irwin* suggesting that the Court was "adopt[ing] a more general rule to govern the applicability of equitable tolling in suits against the Government," *Irwin*, 498 U.S. at 95, the *John R. Sand* Court distinguished *Irwin* on the ground that *Irwin* involved a different statute and *Irwin* did not overrule the earlier cases adopting the more absolute rule for the Court of Federal Claims. *John R. Sand*, 552 U.S. at 136-39.

The *John R. Sand* decision stands for the proposition that *Irwin* did not overrule existing Supreme Court interpretations as to the jurisdictional nature of statutes of limitations on suits against the United States. Prior to *John R. Sand*, the Ninth Circuit came to the same conclusion. *See Fidelity Exploration & Prod. Co. v. United States*, 506 F.3d 1182, 1186 (9th Cir. 2007). The *Fidelity* court

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 10

1  addressed the same twelve-year time limit at issue in this case. *Id.* at 1184. The

2  court recognized that the Supreme Court had held that the QTA's twelve-year time

3  limit was jurisdictional. *Id.* at 1185-86 (quoting *Block v. North Dakota*, 461 U.S.

4  273, 287 (1983)). The circuit rejected arguments that *Irwin* required a different

5  result because *Irwin* did not purport to overrule the Supreme Court's earlier ruling.

6  *Id.* at 1186. Shortly after *John R. Sand*, the Ninth Circuit affirmed its

7  understanding that the QTA's twelve-year time limit was jurisdictional. *Kingman*

8  *Reef*, 541 F.3d 1195-96. The Ninth Circuit even went so far as to hold that it was

9  appropriate for the district court to "address[] the jurisdictional issue of timeliness

10 in the context of Rule 12(b)(1)," implicitly rejecting the holding of the Court of

11 Federal Claims in *Balduc*. *Id.* at 1196-97.

12      In light of the foregoing, it is the law of this circuit that the twelve-year time

13 limit contained in the QTA is jurisdictional. The United States enjoyed the benefit

14 of sovereign immunity in the Public Rights Action, which was filed after the

15 twelve-year statute of limitations was concluded. As a result, the district court

16 lacked jurisdiction to render a judgment on the merits. Therefore, the Public

17 Rights Action was not resolved on the merits and does not bar the Plaintiffs from

18 bringing the present action.

19 / / /

20 / / /

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S
MOTION TO DISMISS ~ 11

**Sufficiency of Easement Claims**

The United States' second argument is that the Plaintiffs' claims to quiet title in easements fail because (1) prescriptive easements may not be obtained against the federal government and (2) easements may not arise by implication in public grants.

*Prescriptive Easements*

"The requirements to establish a prescriptive easement are the same as those to establish adverse possession." *Kunkel v. Fisher*, 106 Wn. App. 599, 602 (2001). The claimant must prove use of the servient land that is:

> (1) open and notorious; (2) over a uniform route; (3) continuous and uninterrupted for 10 years; (4) adverse to the owner of the land sought to be subjected; and (5) with the knowledge of such owner at a time when he was able in law to assert and enforce his rights.

*Id.* The Plaintiffs assert that they have a prescriptive easement in the North Road. The United States contends that prescriptive easements are not available against the United States because they constitute a form of adverse possession. The Plaintiffs do not deny that prescriptive easements are generally unavailable on land owned by the United States, but the Plaintiffs argue that the easement claimed in the North Road accrued prior to the United States' coming into possession of the land on which the North Road sits. As a result, argue Plaintiffs, the United States took the land subject to existing prescriptive easements.

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 12

The provision implicated by this argument is 28 U.S.C. § 2409a(n), a section of the QTA, which reads: "[n]othing in this section shall be construed to permit suits against the United States based upon adverse possession." It appears that there is some disagreement as to the scope of this provision. *Compare Burlison v. United States*, 533 F.3d 419, 428 (6th Cir. 2008) (recognizing that at least three district courts had held that adverse possession claims that accrued against private parties prior to the United States' taking possession of the land are not barred by section 2409a(n)) *with Dolan v. Madison*, 197 Fed. Appx. 724, 728 (10th Cir. 2006) (unpublished) (identifying that the district court below held section 2409a(n) to bar "any claims for adverse possession, regardless of when the claim may have accrued").

The Court is not aware of any binding authority in this circuit that has ruled on the scope of section 2409a(n), and neither party has provided such authority to the Court. Keeping in mind the fact that the QTA acts as a waiver of sovereign immunity, and conditions on waivers are to be construed strictly, *Lane v. Pena*, 518 U.S. 187, 192 (1996), the Court concludes that the plain language of 2409a(n) bars all claims based on adverse possession, no matter when the claim accrued. Accordingly, the claim for an easement to the North Road based on a theory of easement by prescription is dismissed.

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 13

*Easement by Implication*

The United States argues that an easement by implication is unavailable to the Plaintiffs because in public grants nothing passes by implication. ECF No. 27 at 17. However, the United States misapprehends the nature of the Plaintiffs' claim. The Plaintiffs are not seeking to imply an easement in any instruments granting the mining claim; the Plaintiffs are seeking an implied easement based on the common law theory of easement by necessity.

"The doctrine of easement by necessity applies, generally, against the United States." *McFardland v. Kempthorne*, 545 F.3d 1106, 1111 (9th Cir. 2008). "'An easement by necessity is created when: (1) the title to two parcels of land was held by a single owner; (2) the unity of title was severed by a conveyance of one of the parcels; and (3) at the time of severance, the easement was necessary for the owner of the severed parcel to use his property.'" *Id.* (quoting *Fitzgerald Living Trust v. United States*, 460 F.3d 1259, l266 (9th Cir. 2008)). Accordingly, a claim for easement by necessity may be claimed against the United States.[2]

---

[2] The Plaintiff also cites to RS 2477 as a basis for an implied easement. However, RS 2477 alone is insufficient to provide a private right in a public road that may be pursued under the QTA. *Friends of Panamint Valley v. Kempthorne*, 499 F. Supp. 2d 1165, 1175 (E. D. Cal. 2007) (citing *Kinscherff v. United States*, 586 F.2d 159, 160 (10th Cir. 1978)). The Plaintiffs' citation to *Staley v. United*

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 14

**Statute of Limitations**

The United States raises a statute of limitations issue in its reply brief. While the Court will typically not address issues raised for the first time in a reply brief, the Court is obligated to address the statute of limitations issue sua sponte because the statute is jurisdictional. *See generally John R. Sand*, 552 U.S. at 133-34.

Where a party asserts title in fee simple to a parcel of land, notice of a claim by the United States against that parcel triggers the statute of limitations period for the QTA. *McFarland v. Norton*, 425 F.3d 724, 726 (9th Cir. 2005) (quoting *Michel v. United States*, 65 F.3d 130, 132 (9th Cir. 1995)). However, where a party asserts a lesser interest, the government's claim must be actually adverse to the claim asserted by that party. *Michel*, 65 F.3d at 131-32. In the case of an easement, the Government must deny or limit the use of that easement, *id.* at 132, or otherwise make known that it claims the exclusive right to deny access, *McFarland*, 425 F.3d at 727.

The United States claims that Plaintiffs should have been on notice that the United States claimed the exclusive right to deny access to the relevant roads as

---

*States*, 168 F. Supp. 2d 1209, 1213-14 (D. Col. 2001), does not counsel otherwise as the portion cited by the Plaintiffs addressed the theory of easement by necessity. *Id.* (quoting *Kinscherff*, 586 F.2d at 161).

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 15

early as 1996 because the BLM closed those roads to public traffic. ECF No. 40 at 12. However, the United States agrees that Mr. Hallauer did not lose his access to those roads at that time. ECF No. 40 at 12. As the Ninth Circuit explained in *McFarland*, even "the installation of barriers, cables with locks . . . and later gates with locks" are insufficient to give notice to a party where such obstructions "do not interfere unreasonably with the easement owner's right of passage." 425 F.3d at 727. It is denial of access that is important. *Id.* Accordingly, based on the record currently before the Court, there is no evidence that BLM actions in 1996 gave rise to a reasonable inference that BLM was exerting total control over the property to the exclusion of any easement owned by the Plaintiffs. The next event the United States argues should have put the Plaintiffs on notice did not occur until 2001, which is well within the statutory time limit under the QTA. Therefore, Plaintiffs are not barred by a statute of limitations from proceeding on a claim of easement by necessity.

## CONCLUSION

The Court concludes that the action against the United States is not barred by claim preclusion because the earlier action involving the Plaintiffs was not resolved on the merits. The Plaintiffs may not bring a claim based on a theory of easement by prescription under the QTA and their claim for such is dismissed.

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO DISMISS ~ 16

The Plaintiffs may, however, bring a claim for an easement under a theory of easement by necessity. The instant action is not time-barred.

Accordingly, **IT IS HEREBY ORDERED:**

1. The United States' motion to dismiss, **ECF No. 26**, is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 7th day of September 2012.

          *s/ Rosanna Malouf Peterson*
          ROSANNA MALOUF PETERSON
          Chief United States District Court Judge